(16 Misc. Rep. 366.)

MANDA v. SULLIVAN COUNTY CLUB.

(Supreme Court, Appellate Term, First Department. March 23, 1896.)

INDIVISIBLE CONTRACT—PERFORMANCE.

Where a landscape architect and dealer in gardeners' materials submitted an estimate for labor and materials in laying out grounds, specifying the different items of labor, trees, vines, grass seed, etc., giving the price and sum of each item, and also recommended three tons of sheep manure for fertilizing the ground, which he could furnish at $38 per ton, and his estimate, including the manure, was accepted, it was *held*, that there was an indivisible contract for the whole work and materials, and that he could not sue separately for the manure without proof of the performance of the whole contract.

(Syllabus by the Court.)

Appeal from First district court.

Action by Albert A. Manda to recover for goods sold and delivered. From a judgment in favor of defendant for costs, plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Omar Powell (Elliott, Powell & Damron), for appellant.
John Corwin (Harris & Corwin), for respondent.

DALY, P. J. The plaintiff, a landscape architect and dealer in materials for gardens, submitted to the defendant, by letter, an estimate for laying out and planting the grounds adjoining its clubhouse "for stock of the best quality, for the purpose of giving the best results," specifying shrubs, foliage, vines, trees, grass, clover seeds, etc., stating separately the number or amount of each and the price of each, with the sum for each item,—the total being $439; adding: "I would strongly recommend two to three tons of pure sheep manure for fertilizing the ground, which is very poor. This I could furnish at $38 per ton." He also added an estimate of the probable expense and outlay for the services of himself and a foreman to execute the work, for labor, hire of horses and carts, freight to the nearest depot and carting from the depot, stating a sum separately for each item; the total being $460. The defendant, by letter, accepted the estimate "for laying out and planting club grounds" at the sums named, $439.20 and $460, with the addition, "Three tons of pure sheep manure, at $38 per ton, delivered at the club grounds, $114," and summing up the whole at $1,013.20. By the terms of the acceptance as well as of the offer it would appear that the parties contemplated one contract for the whole work and materials. They had in view a single engagement, which was the laying out and planting of the club grounds; and every item of the contract had reference to that work. It was, therefore, not permissible for the plaintiff to split the contract into several demands, and sue upon any item separately; nor, in case of so doing, to recover for any item without proof of performance of the whole contract. This was nevertheless attempted in this action, which was brought to recover for the three tons of sheep manure; the plaintiff claiming that it

was a separate contract for a sale and delivery of that article. As well might he claim for the separate items "300 shrubs and semi-trees at .35, $105"; or, the "100 foliage shrubs at .35, $35"; or the "200 hardy vines, trailing and rock plants, at .20, $40"; or the "12 bushels of grass and clover seeds, $3.50, $42,"—which were thus separately specified in the estimate, on the ground of separate contracts for the sale and delivery of each of these articles. It appears that the sheep manure was to be spread over the ground, and was recommended by the plaintiff as a benefit to the whole place, he testifying that he thought it would cause the trees and grass to grow better. It was, therefore, evidently intended to be used in connection with the whole work, and to be of advantage to it, and to be used by the plaintiff upon it. It is contended that there was a separate contract for the sale and delivery of manure, because the defendant's letter specified that it was "to be delivered at the club grounds"; but this was manifestly a condition intended to exclude an extra charge for freight and cartage, such as was added to the cost of the other items, but does not indicate, with respect to this item, an intention to make a separate contract for a sale and delivery. As it is apparent from the testimony that the manure was to be used in the work by the plaintiff, it is hardly conceivable that the parties intended it to be the subject of a contract independent of that which they made for the whole work.

The above considerations dispose also of the suggestion that it must be deemed the subject of a separate contract, for the reason that it could not be the subject of a mechanic's lien, like the other items, because it was not to be used in the work. The testimony of the plaintiff was: "Q. You thought the trees and grass would grow better if you had sheep manure on it? A. Yes, sir." This indicates clearly that plaintiff was to use the manure in his work under the contract, and that it was, therefore, but one of the many items of material to be furnished in the work. As it was not a mere purchase and sale of goods to be delivered, the authorities cited, showing in what cases such sales are held to be separable, are not in point. The plaintiff was bound to sue upon the whole contract, and, of course, to prove performance under it, before he would be entitled to recover; and, as he did not do so, the judgment against him must be affirmed.

Judgment affirmed, with costs and disbursements. All concur.